FILED

MAY - 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAMEER RIAZ AZAM,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants. | No. C 05-01627 MHP (pr)<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Motion for Relief from Judgment** |

On July 11, 2007 this court granted defendants' motion for summary judgment and entered judgment in the above captioned action. See Docket Nos. 45, 46. Plaintiff did not appeal the judgment. Now, nine months after final judgment was entered, plaintiff seeks to vacate the judgment based on Federal Rule of Civil Procedure 60(b)(5) and (b)(6), arguing that a change in applicable law justifies re-visiting the court's earlier decision. Specifically, plaintiff argues that this court's judgment should be vacated because it relied, in part, on Doe v. Lebbos, 348 F.3d 820 (9th Cir. 2003), which the Ninth Circuit recently overruled in Beltran v. Santa Clara County, 514 F.3d 906 (9th Cir. 2008).

Ninth Circuit law with respect to relief under Rule 60(b)(5) is clear. See Tomlin v. McDaniel, 865 F.2d 209 (9th Cir. 1989). Rule 60(b)(5) permits relief when "a prior judgment upon which it is based has been reversed or otherwise vacated." Fed. R. Civ. P. 60(b)(5). However, the Tomlin court held that "a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment." Tomlin, 865 F.2d at 210. Specifically, the court held that "[t]he relation between the present judgment and the prior judgment must thus be closer than that of a later case relying on the precedent of an earlier case; the fact that the prior case provides a precedent for the later one is not sufficient." Id. at 211. Here, Lebbos merely provided

precedent for this court's prior decision, it was not part of the same proceedings. Consequently, plaintiff's sought after relief under Rule 60(b)(5) is unavailable.

Rule 60(b)(6) is similarly unavailing. See id. at 211 ("Rule 60(b)(6), the catchall provision, provides no aid either. It has been invoked when 'extraordinary circumstances' have prevented an appeal. Tomlin appealed and the judgment against him became final before the laws changed. That is the rock on which his arguments founder." (citation omitted)). Similarly, here the judgment became final before the laws changed. Plaintiff has not demonstrated "both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal quotation omitted). Indeed, plaintiff made a deliberate choice by neglecting to appeal this court's decision.

For the foregoing reasons, plaintiff's motion for relief from judgment is DENIED.

IT IS SO ORDERED.

Dated: May 8, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2